WATKINS, Judge.
Richard E. Dunham has applied for supervisory writs from the lower court’s refusal to remove the Louisiana National Bank, Baton Rouge, Louisiana, as trustee for trusts established under the will of the late Ted F. Dunham. Under that will, Ted F. Dunham established trusts for his two sons, Richard and Ted, Jr., and for six grandchildren. We granted an alternative writ of mandamus commanding the trial court to remove the said bank as trustee of that trust of which Richard E. Dunham is beneficiary, or to show cause why the bank should not be removed. Upon review of the trial court’s response to the alternative writ, which attaches pleadings not contained in the application for writs, we conclude writs should be denied.
The Fidelity National bank, Baton Rouge, was named original trustee of all eight trusts, together with Mrs. Katharine 0. Dunham and Mr. Bill Alexander. The trial court accepted the refusal of the Fidelity National Bank to serve as trustee and named the Louisiana National Bank as trustee in its place and stead. The Louisiana National Bank has never accepted the trust. Mrs. Dunham and Mr. Alexander filed an application for a partition of the effects of the Succession of Ted F. Dunham. Provisional trustees were appointed for each of the two trusts established for Mr. Dunham’s sons and a provisional trustee was appointed for the trusts for the grandchildren, for purposes of the litigation involving partition. The provisional trustees then filed a joint petition for partition. The trial court thereafter removed Mrs. Dunham and Mr. Alexander as trustees of the trusts for the two sons, and, on appeal, we removed Mrs. Dunham and Mr. Alexander as trustees of all eight trusts. Succession of Dunham, 393 So.2d 438 (La.App. 1st Cir. 1980). The Louisiana Supreme court has granted writs, 397 So.2d 802, and the matter is still pending.
The Louisiana National Bank was appointed trustee on June 6, 1978. The succession proceeding was appealed, in the above-mentioned appeal to this Court, which is now before the Louisiana Supreme Court, writs having been granted, as we have stated. Thus, none of the legatees has been sent into possession. Until the trustee as legatee is sent into possession of the trust corpus, the function of a trustee is necessarily limited. He is under a duty to “take reasonable steps to take, keep control of, and preserve the trust property.” LSA-R.S. 9:2091. As we found in Succession of Dunham, supra, the duty to take the trust *223 property includes the duty to demand to be sent into possession with all possible dispatch. The Louisiana National Bank has not taken action to be sent into possession.
However, we find that the Louisiana National Bank was prevented from demanding to be sent into possession because that function was to be performed by the provisional trustees. We see in the pleadings attached to the trial court’s brief in the matter that the provisional trustees requested a clarification of their duties, and that the trial court issued an order dated July 19, 1978, containing such a clarification, the pertinent portions of which read as follows:
“These provisional trustees are to function primarily as attorneys in defending and protecting the interests of the trusts as separate entities. They do not represent individual beneficiaries or trustees and need not obtain the consent of the beneficiaries or trustees of their respective trusts in taking steps in this litigation to protect and defend such trusts.
“The provisional trustees have not been sent into possession of any assets and are not expected to take possession of and administer assets, although they are expected to urge that the trusts be funded. At such time as such trusts are funded or receive assets, other trustees will be appointed to receive and administer such assets.”
As the provisional trustees were expected to urge that the trusts be funded, and did so urge in petitioning for partition of the succession assets, the Louisiana National Bank was precluded from seeking to be sent into possession as trustee. Although a trustee cannot delay its acceptance of a trust to commit a breach of trust, as we noted in Succession of Dunham, supra, and the Louisiana National Bank could not so delay its acceptance, in the present instance the Louisiana National Bank committed no breach of trust, because the provisional trustees were charged with urging that the trusts be funded and did so urge. We note that the order of July 19,1978, was approved by Richard E. Dunham’s attorneys, so for that further reason he has no valid complaint.
Accordingly, the alternative writs issued herein are recalled and vacated, and writs are denied, at applicant, Richard E. Dun-ham’s cost.
WRITS DENIED.